### Emanuel Weinberger v. M. McDonough et al.

1. APPELLATE COURT PRACTICE—*As to Setting Aside Verdicts.*—
Where the evidence in a case tried by a jury is conflicting, and two
juries have come to the same conclusion, while it may be that the
Appellate Court would, if the matter were submitted to it *de novo*,
arrive at a different result, if there is evidence to support the verdict,
after being ratified by the action of the trial court, it will not be set aside.

2. EVIDENCE—*Harmless Error in Admitting.*—Where evidence of a
matter offered by a party litigant is admitted over the objection of his

opponent, and such opponent subsequently testifies in the case and admits the matter which the testimony tends to prove, the fact as to whether the court erred in the admission of such evidence is a matter of no material consequence.

Assumpsit, on an appeal from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

JAMES R. WARD, attorney for appellant.

BULKLEY, GRAY & MORE, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellees, constituting the firm of E. P. Reed & Co., brought in a justice court an action of attachment against Louis Heidelberger to recover the sum of $104, whereupon appellee McDonough, as a constable, seized certain merchandise then in the store of appellant; whereupon appellant brought, in a justice court, this action of replevin. From the judgment by him there obtained, appellees appealed to the Circuit Court, wherein a trial by jury was had and a verdict rendered for the defendant in such action of replevin.

A new trial having been granted, another jury trial was had with the same result, upon which second verdict the judgment from which this appeal is taken was had. Upon the trial it appeared that a short time prior to the beginning of the attachment suit, the plaintiff, a brother-in-law of the defendant in that suit, had purchased from him his entire stock of goods and the business which he was then carrying on in Chicago, and having taken possession of the stock thus acquired had put his name on the store as proprietor and his agents in possession of the goods.

Upon the trial of the replevin suit, the defendant insisted and offered evidence tending to show that Louis Heidelberger was at the time he made such sale largely indebted for the merchandise he so sold, and among others, to the plaintiff, for the account upon which said attachment was based; that the sale by Heidelberger was made for the purpose

of hindering, delaying and defrauding his creditors, which purpose appellant, when he bought, then well understood, having, as appellees insisted, entered into a conspiracy with said Heidelberger to enable him to defraud his creditors and to secure the stock of goods which he then had, against claims made by his creditors.

The question of fact arising upon such contention by appellees was hotly disputed. Two juries have come to the same conclusion; and while it may be that this court, if the matter were presented to it *de novo*, would arrive at a different result, we do not regard the testimony such as to warrant us in overturning the verdict of the jury, ratified as it has been by the action of the trial court.

It is said that the court below erred in admitting certain evidence as to the existence and amount, if any, of the indebtedness of Heidelberger to Reed & Company. Heidelberger, a witness for the plaintiff, testified admitting such indebtedness and the amount thereof.

Such being the case, whether evidence that afterward came in was properly admissible, is of no material consequence. Indeed, counsel for appellant in his brief says, " There is no dispute or controversy as to the facts of this case." The instruction given on behalf of the defendant may be open to some just criticism, but taking the instructions as a whole, we think they fairly informed the jury as to the law concerning the facts presented to them.

The issues in the case were simple, easily understood, and we find no reason for thinking that the jury were misled by anything the court did.

While we have serious doubt as to whether the jury arrived at a correct conclusion, it can not be said that the evidence did not warrant the verdict.

The judgment of the Circuit Court is affirmed.